

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Affirmed by *Trinity ISD*
*V. Walker Co - 287*
*Sw 2d 717 (1956)*

Ⓒ _____ S-721

March 20, 1947

Hon. A. E. Hickerson
County Auditor
Montgomery County
Conroe, Texas

Opinion No. V-93

Re:  National forest receipts,
prorating of under Article
2351b-4, V. C. S.

Dear Sir:

    We refer to your letter of recent date acknow-
ledged by this office on March 4, 1947, wherein you
stated that the County Treasurer of Montgomery County
has received $6,607.95 from the State Treasurer as the
county's part of National forest receipts, and the Com-
missioners Court wishes to distribute this sum in ac-
cordance with Article 2351b-4, V. C. S. You wish to be
advised as to what interpretation should be placed on
the word "area" as used and found in the second para-
graph of said statute.

    Article 2351b-4, Vernon's Civil Statutes, pro-
vides, in part, as follows:

    "That, whereas Congress has heretofore
passed a law which provides that thereafter
twenty-five per centum (25%) of all moneys
received during any fiscal year from each
national forest shall be paid at the end
thereof by the Secretary of the Treasury to
the State . . . in which said forest is sit-
uated to be expended as the State . . . Leg-
islature may prescribe for the benefit of
the public schools and the public roads of
the county or counties in which the national
forest is situated, and whereas the Legisla-
ture of the State of Texas has not prescribed
any method for prorating said funds, now,
therefore, be it enacted that the Commissioners
Courts of the counties in Texas in which such
national forests are situated are hereby auth-
orized to prorate all such funds received and
to be received from the Federal Government for
timber and all other income derived from such
land as follows:

"Fifty per cent (50%) of such money received shall be allocated to the school districts in proportion to the area in said districts, and fifty per cent (50%) of same to the county for the benefit of the public roads in said county. Provided the Commissioners Court may transfer the fifty per cent (50%) received by said Court to the school districts."

Section 500, United States Code Annotated, Title 16, Chapter 2, provides that national forest receipts payable thereunder to a State and received thereby may be expended as the State Legislature may prescribe for the benefit of public schools and public roads of the county or counties in which such national forest is situated.

It is the opinion of this Department that that portion of the national forest receipts received by the county by virtue of the provisions of Title 16, Chapter 2, Section 500, U.S.C.A., and Article 2351b-4, V. C. S., for public school purposes should be prorated and transferred by the Commissioners Court to all the school districts within the county in proportion to the area in said school districts; further, that the term "area" as used in Article 2351b-4, means area of the school districts located in the county, and does not mean area of national forest lands.

## SUMMARY

National forest receipts received by a county under Title 16, Chapter 2, Section 500, U.S.C.A., and Article 2351b-4, V. C. S., for public school purposes should be prorated and transferred by the Commissioners' Court to all school districts within the county in proportion to the area in said school districts. "Area" as used in Article 2351b-4, V. C. S., means area of the school districts in the county.

Very truly yours,

APPROVED MAR. 20, 1947

*Price Daniel*

ATTORNEY GENERAL

CEO:djm:mrj:jrb

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant